UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X
CURTIS J. JACKSON, III and NYC VIBE, LLC,

        Plaintiffs,

  v.

MAKSUD AGADJANI and TRAXNYC CORP.,

        Defendants.
------------------------------------- X

Case No.: 24-cv-7700

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiffs Curtis J. Jackson, III ("Jackson") and NYC Vibe, LLC ("NYC Vibe") (collectively, "Plaintiffs"), by and through their undersigned counsel, for their Complaint against Defendants Maksud Agadjani ("Agadjani") and TraxNYC Corp. ("TraxNYC") (collectively, "Defendants"), hereby allege as follows:

## STATEMENT OF THE CASE

1. This is a civil action in an amount of no less than $5,000,000 for willful trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a); violation of right of publicity under the New York Civil Rights Law, N.Y. Civ. Rights Law §§ 50-51; deceptive business practices under the New York General Business Law, N.Y. Gen. Bus. Law § 349; and trademark infringement and unfair competition under New York common law.

2. This case concerns Defendants' willful exploitation of Jackson's valuable name, image, and other intellectual property rights on Defendants' social media accounts, which boast over 8 million followers, in order to lure consumers into purchasing jewelry from Defendants with the impression that Defendants and their jewelry are affiliated with, sponsored by, or endorsed by Jackson. That could not be further from the truth.

1

3. Specifically, Defendants, who are in the jewelry business, willfully and knowingly created imitations of an original necklace designed exclusively for Jackson; used Jackson's name, image, and other intellectual property rights to mislead consumers into believing Defendants' reproductions are affiliated with, sponsored by, or endorsed by Jackson; and continue to use Jackson's name, image, and other intellectual property rights for commercial gain.

4. Contrary to Defendants' misrepresentations, Jackson has no relationship with Defendants whatsoever; Jackson did not purchase his necklace from Defendants; and Jackson has never authorized Defendants to capitalize on his goodwill and reputation in order to promote their goods and services.

5. Jackson cautioned Defendants, but in response to Jackson's objection, Defendants brazenly stated: "*@50Cent yo don't you got better things to worry about*" and have continued, undeterred, to use his name, image, and other intellectual property rights to advertise, market, and sell their jewelry.

6. Accordingly, Jackson has been forced to bring this action in order to protect his name, image, and other intellectual property rights—all part of a valuable brand he has spent decades creating, maintaining, and enforcing.

## PARTIES

7. Plaintiff Jackson is an individual who is domiciled in the State of Texas. Jackson is a world-famous rapper, actor, producer, entrepreneur, and philanthropist who is professionally known as "50 Cent." Given his extensive and successful career, Jackson's name, image, and other intellectual property rights have substantial commercial value.

8. Plaintiff NYC Vibe, LLC is a Delaware limited liability company. NYC Vibe is used to hold Jackson's intellectual property, including but not limited to his valuable 50 Cent Registrations and 50 Cent Photograph (defined below).

9. Defendant Maksud Agadjani is an individual who, on information and belief, is domiciled in the State of New York. Upon information and belief, Agadjani is the founder and President of TraxNYC.

10. Defendant TraxNYC is a corporation which, on information and belief, is organized and existing under the laws of the State of New York and has its principal place of business in New York City's Diamond District at 64 W 47th Street, New York, New York 10036. TraxNYC is in the business of offering for sale and selling men and women's jewelry at its physical storefront in New York City, as well as online at www.traxnyc.com and on social media. Upon information and belief, TraxNYC is controlled and owned by Agadjani.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338 (trademarks) because Plaintiffs' claims arise under the Lanham Act, 15 U.S.C. § 1121 *et seq.*

12. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) because Plaintiffs' state law claims are so related to the claims within this Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

13. This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states.

14. This Court has personal jurisdiction over Agadjani because, upon information and belief, he is domiciled in the State of New York.

15. This Court also has personal jurisdiction over Agadjani because, upon information and belief, he transacts business within the State of New York; he contracts to supply goods or services in the State of New York; and he committed a tortious act within the State of New York.

16. This Court has personal jurisdiction over TraxNYC because, upon information and belief, it is organized and existing under the laws of the State of New York and its principal place of business is located in the State of New York.

17. Venue in this District is proper pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendants are subject to personal jurisdiction in this District and a substantial part of the events giving rise to this action occurred in this District.

## STATEMENT OF FACTS

**Jackson's Valuable Name, Image, and Other Intellectual Property Rights**

18. Jackson is one of the most recognized and admired artists and entrepreneurs in the world. As a result of his enormous fame, Jackson's name, image, and other intellectual property rights enjoy widespread recognition and command a high monetary value.

19. Jackson is the owner of the valid and legally protectable mark 50 CENT. Jackson, through NYC Vibe, has registered or applied to register the 50 CENT mark in the United States and across the world for various goods and services, including but not limited to clothing (U.S. Trademark Registration No. 5,486,790) (collectively, the "50 Cent Registrations").[1] A true and correct copy of U.S. Trademark Registration No. 5,486,790 is attached hereto as **Exhibit A**.

20. As a result of his fame and popularity, Jackson regularly receives lucrative offers to license the use of his name, image, and other intellectual property rights to promote a wide variety of goods and services. In order to maintain the integrity of his brand, Jackson is extremely selective about what goods or services he will agree to endorse. Accordingly, Jackson maintains strict control over the manner in which his name, image, and other intellectual property rights are

---

[1] Jackson, through NYC Vibe, has a pending U.S. trademark application for the 50 CENT mark for, among other things, jewelry (Serial No. 97/154,620). The application was filed on December 3, 2021, and a Notice of Allowance was issued on January 17, 2023.

used and is highly compensated for any such use.

### Jackson's Exclusive and Original Necklace Design

21. Jackson's image, including the clothing and jewelry he wears, is an integral part of his valuable brand. Jackson carefully selects the brands and designers he purchases, wears, and supports.

22. One such designer is Victor p/k/a "Pooch the Jeweler," a jeweler with whom Jackson worked to create an exclusive and original necklace featuring a sapphire and diamond laced cross pendant (the "50 Cent Necklace"). "Pooch the Jeweler" was not and is not affiliated with Defendants. For the avoidance of doubt, Defendants had no role in the design or creation of the 50 Cent Necklace.

23. Jackson has been seen and photographed wearing the 50 Cent Necklace such that the 50 Cent Necklace is widely associated with Jackson.

24. Jackson, through NYC Vibe, is the owner of the copyright in the original work of authorship embodied by a photograph of Jackson wearing the 50 Cent Necklace (the "50 Cent Photograph"). A true and correct copy of the 50 Cent Photograph is included below:



**Defendants' Exploitation of Jackson's Valuable Name, Image, and Other Intellectual Property Rights**

25. Defendants are well-known jewelers and offer for sale and sell men and women's jewelry at their physical storefront in New York City's Diamond District, as well as online at www.traxnyc.com and on social media.

26. Defendants use social media, including YouTube, Instagram, and TikTok, to advertise, market, and sell their jewelry. Defendants' social media accounts on YouTube, Instagram, and TikTok have over 8 million followers.

27. Defendants routinely use the names and images of celebrities to promote their goods and services. For example, Defendants' website, www.traxnyc.com, prominently displays the names and images of Cardi B, Busta Rhymes, and Snoop Dogg in a manner that suggests Defendants, and their goods and services, are affiliated with, sponsored by, and endorsed by these celebrities. Defendants also use celebrities' names and images on social media for commercial purposes.

28. Jackson, however, has no affiliation with Defendants and has never authorized Defendants to use his name, image, or other intellectual property rights.

29. Despite the lack of authorization, Defendants have engaged in a campaign to exploit Jackson's name, image, and other intellectual property rights on social media in order to advertise, market, and sell their jewelry.

30. Specifically, beginning in or around August 2024, Defendants began to advertise an imitation of the 50 Cent Necklace on social media using Jackson's name, image, and other intellectual property rights. Defendants know they did not design the 50 Cent Necklace, and they know they do not have authorization to use Jackson's name, image, or other intellectual property rights. Nevertheless, Defendants exploited Jackson's name, image, and other intellectual property

rights willfully and in bad faith in order to mislead consumers into believing their products are affiliated with, sponsored by, or endorsed by Jackson.

31. On or about August 16, 2024, Defendants posted a video on their TikTok account @traxnyc featuring Defendant Agadjani holding in one hand, a copy of the 50 Cent Photograph, and in the other hand, Defendants' knockoff of the 50 Cent Necklace.[2] The caption states: "@50 Cent , thanks". A true and correct copy of the TikTok post is included below:



---

[2] TikTok, @traxnyc, https://www.tiktok.com/@traxnyc/video/7403834461650980139?is_from_webapp=1&sender_device=pc&web_id=7423458688889030174 (last visited Oct. 10, 2024).

7

32. On or about October 6, 2024, Defendants posted a video on their Instagram account @traxnyc featuring Defendant Agadjani holding in one hand, a copy of the 50 Cent Photograph, and in the other hand, Defendants' knockoff of the 50 Cent Necklace.[3] The caption states: "@50cent nice cross got there. Hit TRAXNYC.com or call 212 TRAXNYC. Personal service @kenny.trax @jurgentraxnyc @angeltraxnyc". And under the Instagram post, Defendants' employee wrote: "@50cent thank you". A true and correct copy of the Instagram post and referenced comment are included below:



---

[3] Instagram, @traxnyc, https://www.instagram.com/reel/DAyzpvjRh7t/?utm_source=ig_web_copy_link&igsh=MzRlOD BiNWFlZA== (last visited Oct. 10, 2024).



33. On or about October 6, 2024, Defendants posted a video on their TikTok account @traxnyc featuring Defendant Agadjani holding in one hand, a copy of the 50 Cent Photograph, and in the other hand, Defendants' knockoff of the 50 Cent Necklace.[4] The caption states: "Yo @50 Cent , you should be a jeweler. Hit traxnyc.com or call 212 traxnyc". A true and correct copy of the TikTok post is included below:



---

[4] TikTok, @traxnyc, https://www.tiktok.com/@traxnyc/video/7422744538684394795?is_from_webapp=1&sender_device=pc&web_id=7423458688889030174 (last visited Oct. 10, 2024).

9

34. On or about October 6, 2024, Defendants posted a video on their YouTube account TraxNYC Diamond Jewelry featuring Defendant Agadjani holding in one hand, a copy of the 50 Cent Photograph, and in the other hand, Defendants' knockoff of the 50 Cent Necklace.[5] The title of the video is: "Selling 50 Cent's Jewelry". A true and correct copy of the YouTube post is included below:



35. Defendants are well-aware of Jackson's goodwill and reputation and intentionally capitalized on Jackson's name, image, and other intellectual property rights to promote their goods

---

[5] YouTube, @TraxNYCDiamondJewelry, https://www.youtube.com/shorts/Sv3ACsuvgFw (last visited Oct. 10, 2024).

and services. Indeed, Defendants' misconduct was at all times intentional and knowing and in bad faith.

36. There is no question that Defendants' misconduct was blatantly willful. When Jackson cautioned Defendants from using his name, image, and other intellectual property rights, Defendants brazenly stated in response: "*@50Cent yo don't you got better things to worry about*" and have continued, undeterred, to use Jackson's name, image, and other intellectual property rights to advertise, market, and sell their jewelry.



37. Defendants' attempts to improperly capitalize on Jackson's valuable goodwill and reputation have been successful: numerous consumers have already been misled into thinking Jackson is associated with Defendants' goods and services. For example, consumer comments on Defendants' YouTube post include: "I'm a big 50 cent fan (ask my wife) I want the silver and gold cross. Can you let me know how much???"; "Nobody better than 50 n Traxx"; and "50 probably gave trax permission and gone do a follow up video with trax later and get a percentage …." And consumer comments on Defendants' Instagram post include: "Biting 50cent chain" and "The 50 piece @50cent".

38. Unsurprisingly, Defendants are no first-time infringers. Defendants are known infringers and have been previously sued based on their willful misconduct, including but not

limited to trademark and copyright infringement. *See, e.g.*, *Rs Creative Sols., Inc. v. Traxnyc, Inc.*, 1:10-cv-03530-RMB-KNF (S.D.N.Y.); *Phillips v. Traxnyc Corp.*, 1:21-cv-00528-LDH-MMH (E.D.N.Y.).

## COUNT I
### Trademark Infringement, 15 U.S.C. § 1114
### All Defendants

39. Plaintiffs repeat and reallege paragraphs 1 through 38 hereof as if fully set forth herein.

40. Plaintiff Jackson, through Plaintiff NYC Vibe, is the owner of the 50 Cent Registrations. The 50 Cent Registrations, although inherently distinctive, have also acquired substantial goodwill and secondary meaning.

41. Defendants have made unauthorized use of the 50 Cent Registrations in commerce in connection with the sale, offering for sale, distribution, and advertising of goods or services in violation of 15 U.S.C. § 1114. Defendants have not been authorized by Plaintiffs to use the 50 Cent Registrations in any manner. This infringement by Defendants has been deliberate and willful.

42. Defendants' unauthorized use in commerce of the 50 Cent Registrations as alleged herein is likely to cause confusion, cause mistake, or deceive consumers as to the affiliation, sponsorship, or endorsement of Defendants' goods and services, and is likely to cause consumers to believe, contrary to fact, that Defendants and their goods and services are affiliated with, sponsored by, or endorsed by Plaintiffs.

43. Unless restrained and enjoined by this Court, Defendants will continue to make unauthorized use of the 50 Cent Registrations in commerce in connection with the sale, offering for sale, distribution, and advertising of goods or services.

44. Defendants have committed the foregoing acts of infringement with full knowledge

of Plaintiffs' rights in the 50 Cent Registrations and with the willful intent to cause confusion and trade on Plaintiffs' goodwill and reputation.

45. By reason of this unauthorized use of the 50 Cent Registrations, or marks confusingly similar thereto, Defendants have unlawfully and wrongfully derived, and will continue to unlawfully and wrongfully derive, income and profits from these infringing acts, and Plaintiffs have suffered, and will continue to suffer, substantial damages and irreparable injury.

46. Plaintiffs have no adequate remedy at law and are therefore entitled to injunctive relief.

## COUNT II
### False Association and Unfair Competition, 15 U.S.C. § 1125(a)
### All Defendants

47. Plaintiffs repeat and reallege paragraphs 1 through 46 hereof as if fully set forth herein.

48. Defendants have made false and misleading representations of fact, including the unauthorized use of Jackson's name, image, and other intellectual property rights, in commerce in connection with the sale, offering for sale, distribution, and advertising of goods or services in violation of 15 U.S.C. § 1125(a). Defendants have not been authorized by Plaintiffs to use Jackson's name, image, or other intellectual rights in any manner. This unauthorized use by Defendants has been deliberate and willful.

49. Defendants' unauthorized use in commerce of Jackson's name, image, and other intellectual property rights as alleged herein is likely to cause confusion, cause mistake, or deceive consumers as to the affiliation, sponsorship, or endorsement of Defendants' goods and services, and is likely to cause consumers to believe, contrary to fact, that Defendants and their goods and services are affiliated with, sponsored by, or endorsed by Plaintiffs.

50. Unless restrained and enjoined by this Court, Defendants will continue to make

unauthorized use of Jackson's name, image, and other intellectual property rights in commerce in connection with the sale, offering for sale, distribution, and advertising of goods or services.

51. Defendants have committed this unauthorized use with the willful intent to cause confusion and trade on Plaintiffs' goodwill and reputation.

52. By reason of this unauthorized use of Jackson's name, image, and other intellectual property rights, Defendants have unlawfully and wrongfully derived, and will continue to unlawfully and wrongfully derive, income and profits from these infringing acts, and Plaintiffs have suffered, and will continue to suffer, substantial damages and irreparable injury.

53. Plaintiffs have no adequate remedy at law and are therefore entitled to injunctive relief.

## COUNT III
### Violation of Right of Publicity, N.Y. Civ. Rights Law §§ 50-51
### All Defendants

54. Plaintiff Jackson repeats and realleges paragraphs 1 through 53 hereof as if fully set forth herein.

55. Defendants have used Jackson's name and image within the State of New York for advertising purposes and for the purposes of trade.

56. Defendants have never obtained Jackson's consent to use Jackson's name or image.

57. Defendants' use of Jackson's name and image was willful, malicious, and in conscious disregard of Jackson's rights.

58. As a result of Defendants' unauthorized use of Jackson's name and image, Jackson has suffered, and will continue to suffer, substantial damages and irreparable injury.

59. Plaintiff has no adequate remedy at law and is therefore entitled to injunctive relief.

## COUNT IV
### Deceptive Business Practices, Violation of N.Y. Gen. Bus. Law § 349
### All Defendants

60. Plaintiffs repeat and reallege paragraphs 1 through 59 hereof as if fully set forth herein.

61. The Defendants' aforementioned deceptive acts were directed at consumers and those acts were materially misleading.

62. By virtue of Defendants' unlawful conduct, Defendants have made, and will continue to make, substantial profits and gains to which they are not in law or equity entitled.

63. Defendants' unlawful conduct was intentional, willful, and knowing.

64. As a direct and proximate result of Defendants' deceptive business acts and practices, Plaintiffs have suffered, and will continue to suffer, substantial damages and irreparable injury.

65. Plaintiffs have no adequate remedy at law and are therefore entitled to injunctive relief.

## COUNT V
### Trademark Infringement, New York Common Law
### All Defendants

66. Plaintiffs repeat and reallege paragraphs 1 through 65 hereof as if fully set forth herein.

67. Plaintiffs own the valid and legally protectable mark 50 CENT.

68. Defendants' aforesaid acts are likely to cause confusion, cause mistake, or deceive consumers as to the affiliation, sponsorship, or endorsement of Defendants' goods and services, and are likely to cause consumers to believe, contrary to fact, that Defendants and their goods and services are affiliated with, sponsored by, or endorsed by Plaintiffs.

69. Unless restrained and enjoined by this Court, Defendants will continue to make

15

unauthorized use of the 50 CENT mark in commerce in connection with the sale, offering for sale, distribution, and advertising of goods or services.

70. Defendants have committed the foregoing acts of infringement with full knowledge of Plaintiffs' rights in the 50 CENT mark and with the willful intent to cause confusion and trade on Plaintiffs' goodwill and reputation.

71. By reason of this unauthorized use of the 50 CENT mark, or marks confusingly similar thereto, Defendants have unlawfully and wrongfully derived, and will continue to unlawfully and wrongfully derive, income and profits from these infringing acts, and Plaintiffs have suffered, and will continue to suffer, substantial damages and irreparable injury.

72. Plaintiffs have no adequate remedy at law and are therefore entitled to injunctive relief.

## COUNT VI
### Unfair Competition, New York Common Law
### All Defendants

73. Plaintiffs repeat and reallege paragraphs 1 through 72 hereof as if fully set forth herein.

74. Defendants' aforesaid acts are likely to cause confusion, cause mistake, or deceive consumers as to the affiliation, sponsorship, or endorsement of Defendants' goods and services, and are likely to cause consumers to believe, contrary to fact, that Defendants and their goods and services are affiliated with, sponsored by, or endorsed by Plaintiffs.

75. Unless restrained and enjoined by this Court, Defendants will continue to make unauthorized use of Jackson's name, image, and other intellectual property rights in commerce in connection with the sale, offering for sale, distribution, and advertising of goods or services.

76. The aforesaid acts of Defendants have been willful, knowing, and in bad faith.

77. By reason of this unauthorized use of Jackson's name, image, and other intellectual

property rights, Defendants have unlawfully and wrongfully derived, and will continue to unlawfully and wrongfully derive, income and profits from these infringing acts, and Plaintiffs have suffered, and will continue to suffer, substantial damages and irreparable injury.

78. Plaintiffs have no adequate remedy at law and are therefore entitled to injunctive relief.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs respectfully request that the Court enter an order and judgment in favor of Plaintiffs Jackson and NYC Vibe and against Defendants Agadjani and TraxNYC as follows:

a. Permanently enjoining Defendants, and their agents, officers, servants, employees, successors, and assigns and all others acting in concert or privity with Defendants, from using, imitating, or copying Jackson's name, image, or any other intellectual property rights in connection with any advertisement, marketing, or sale of any goods or services;

b. Awarding Plaintiffs actual damages in an amount to be proven at trial, but no less than $5,000,000;

c. Awarding Plaintiffs the amount of Defendants' profits resulting from Defendants' unlawful conduct;

d. Pursuant to N.Y. Gen. Bus. Law § 349, awarding Plaintiffs their statutory damages (if greater than their actual damages);

e. Awarding Plaintiffs treble damages and increased profits;

f. Awarding Plaintiffs exemplary and punitive damages;

g. Awarding Plaintiffs interest in an amount according to law;

h. Awarding Plaintiffs their attorneys' fees and costs; and

17

i.  Granting Plaintiffs such other and further relief at law or in equity as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury in this action on all claims so triable.

Dated: New York, New York
      October 10, 2024

Respectfully submitted,

**BLANK ROME LLP**

By: */s/ Reena Jain*
    Craig Weiner
    Reena Jain
    1271 Avenue of the Americas
    New York, NY 10020
    Tel.: (212) 885-5000
    Fax: (212) 885-5001
    craig.weiner@blankrome.com
    reena.jain@blankrome.com

*Counsel for Plaintiffs Curtis J. Jackson, III and NYC Vibe, LLC*